# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **FIRST BAPTIST CHURCH OF LILLIAN,**<br>          Plaintiff, | )<br>)<br>) |
| v. | )    CIVIL ACTION 1:21-00477-KD-MU<br>) |
| **CHURCH MUTUAL INSURANCE CO.,**<br>          Defendant. | )<br>)<br>) |

## ORDER

This matter is before the Court on the Defendant's motion to approve a supersedeas bond and stay the proceedings to enforce judgment pending appeal pursuant to Fed.R.App.P. 8(a)(1) and Fed.R.Civ.P. 62(d) (Doc. 71); and the Plaintiff's Response (Doc. 73).

In April 2023, a jury returned a verdict against the Defendant. (Doc. 47). On April 19, 2023, Judgment issued in the amount of $169,598.78. (Doc. 49). Costs were then taxed in the amount of $7,998.74. (Doc. 54). Following the Court's denial of the parties' post-judgment motions, Defendant filed a timely notice of appeal. (Doc. 66). The Court then denied Defendant's subsequent motion for an unbonded stay pending appeal. (Docs. 67, 70). As such, Defendant now seeks a stay of enforcement of the judgment against it pending appeal by posting a supersedeas bond, attaching an executed surety bond in the amount of $195,538.60 (stating such represents 15% of the judgment amount plus $500, as required by Local Rule 62(a)).[1]

"[A]s part of the traditional equipment for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of an appeal." Nken v. Holder, 556 U.S.

---

[1] SDALA Local Civil L.R. 62. Supersedeas Bonds (a) A supersedeas bond, where the judgment is for a sum of money only, must be in the amount of the judgment plus fifteen percent (15%) to cover interest and such damages for delay as may be awarded, as well as an additional $500.00 to cover costs. An appellant may move for relief from this Rule." S.D. Ala. Civ. LR 62(a) (effective August 2015).

1

418, 421 (2009). The "purpose of the supersedeas bond is to secure the prevailing party against the risk that the judgment debtor will be unable to meet the obligations pending appeal and to protect the prevailing party from the costs that it incurs in foregoing execution of judgment until the appeal is decided." Chalfonte Condo. Apartment Ass'n v. QBE Ins., 695 F.3d 1215, 1232 (11th Cir. 2012) (per curiam). See also Poplar Grove Planting and Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1190-1191 (5th Cir.1979) ("The purpose … is to preserve the status quo while protecting the non-appealing party's rights pending appeal.... [T]he bond secures the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal[]").

The method for such a stay is 62(b) which states as follows: "**(b) Stay by Bond or Other Security.** At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security."  Likewise, the SDAL Local Rules contain supersedeas bond procedures, and Civil L.R. 62 specifically provides as follows:

> **Civil L.R. 62. Supersedeas Bonds**
> (a) A supersedeas bond, where the judgment is for a sum of money only, must be in the amount of the judgment plus fifteen percent (15%) to cover interest and such damages for delay as may be awarded, as well as an additional $500.00 to cover costs. An appellant may move for relief from this Rule.
>
> (b) When a money judgment also provides non-monetary relief, the Court may, on notice, grant a stay on such terms as to security and otherwise as it may deem proper.
>
> (c) Upon approval, a supersedeas bond must be filed with the Clerk, and a copy with a notice of filing must be served promptly on the parties affected thereby. If the appellee objects to the form of the bond or to the sufficiency of the surety, the Court may conduct a hearing to resolve the objections.

Defendant's motion is unopposed by the Plaintiff.  However, Plaintiff argues that the amount of the bond is incorrect as such failed to include the of $7,998.74 costs awarded in this

case. SDAL Civil L.R. 62(a) specifies only that the bond "must be in the amount of the judgment plus fifteen percent (15%) to cover interest and such damages for delay as may be awarded, *as well as an additional $500.00 to cover costs*." (emphasis added).  That is the sum set forth in the bond by the Defendant. And there is no provision in the SDAL Civil L.R. 62 for the entirety of the costs awarded to be included in the amount. Additionally, Plaintiff has referenced no rule or caselaw indicating otherwise.

Based on the foregoing, it is **ORDERED** that the Defendant's motion to approve the supersedeas bond and stay the proceedings to enforce judgment pending appeal (Doc. 71), construed as having been filed pursuant to Fed.R.Civ.P. Rule 62(b) and SDAL L.R. 62(a), is **GRANTED,** and the supersedes bond is **APPROVED.**

**DONE** and **ORDERED** this the **25th** day of **October 2023.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**